UNITED STATES v. 12,918.28 ACRES OF LAND IN WEBSTER PARISH, LA., et al. (Tract No. A–12).

Civil Action No. 498.

District Court, W. D. Louisiana, Shreveport Division.

Nov. 21, 1944.

894

Jared Y. Fontenot, Asst. U. S. Atty., of Shreveport, La., for plaintiff.

R. D. Watkins, of Minden, La., for claimants.

PORTERIE, District Judge.

We have before us the claims of Alfred Quarles and Frank Bozeman in the respective sums of $440 and $430, represented by the appraised value of the growing crops of these two tenants, estimated by representatives of the Government in August of 1941, when by writ of possession issued by this court the War Department was exercising use and possession of the total area subsequently converted into what is now commonly known as the Minden Shell Plant.

The crops of these two tenants were sold by the United States Government in October of the same year. A declaration of taking of the land whereon the crops grew was signed by this court on April 23, 1942.

The United States Government, regularly and through its appraisers for the whole area, made a public estimate of Tract No. A–12, on which the crops grew, as follows, to-wit:

"Area: 505
Summary of Valuation

| | | |
|---|---|---|
| Total Land Value: | | $2,623.00 |
| Improvements: | | 1,017.50 |
| Total Fair Market Value | | $3,640.50 |

Growing Crops:

| | | |
|---|---|---|
| 17 acres cotton | 8 bales | $ 640.00 |
| 24 acres corn | 240 bu. | 240.00 |
| 12 acres peas | | 120.00 |
| 4 acres truck | | 100.00 |
| | | $1,100.00" |

The total estimate, then, on public record is therefore $4740.50. The Government in its procedure in court, through the citation served on T. Crichton, Jr., Trustee, showed that the sum of $5,000 had been deposited by the Government to cover payment for this Tract No. A–12, including land and all improvements, then known, in which latter item, styled "improvements," was included "growing crops."

The combined cash rental paid yearly by the two tenants is $90. This was purely a verbal contract, and nothing appears of such in the alienation records of Webster Parish. The legal effect of this fact is what, in part, turns this case, for it unburdens the two tenant claimants from legal notice that they have to appear in court to protect themselves, and, concurrently, burdens the Crichtons, the owners in fee of the land, with the knowledge that in the estimate of $5,000 offered and tendered by the Government, there is included the item of $1,100 for the growing crops of these two tenants.

Since a Mr. McNeill, representing the War Department, after a visit to the premises of the claimants, filed, on August 4, 1941, an estimate (Exhibit, Quarles No. 1) showing allocations to Quarles and Bozeman of $440 and $430 respectively, which allocations were tacitly satisfactory to and accepted by them, the aggregate amount of their claim in this suit is $870 and not $1,100.

The Crichtons, through their attorney, established discussions with the representatives of the Government with the view of an amicable fixing of the value of this Tract A–12. An important financial factor then developed, because of the discovery

that this tract had gravel deposits in paying commercial quantity. Relations were continued by and between the Government and the Crichtons, and eventually the sum of $13,937.50 was added to the original deposited sum of $5,000, and an agreement as to the value of the whole tract was reached on or about September 18, 1942, for the aggregate sum of $18,937.50.

For the proper clearance of title, the case was submitted to a jury, and witnesses established the value of the gravel at the sum stated above, and further proved that there was no oil and gas value to the property. There was no oral evidence by anyone separating the value of the land, the value of the improvements, and the value of the growing crops. However, the appraisal report in this project governing Tract No. A–12, fully given supra, was filed and placed before the jury and the court. A directed verdict was moved for by the Government in the aggregate sum of $18,937.50, with the Crichtons represented in court.

■ The defense of the Crichtons is that title in fee passed only at the time of declaration of taking, on April 23, 1942, at which time there were no crops on the premises, since under the writ of possession dated July 3, 1941, the cotton and other crops had been taken by the local representatives of the Government and sold standing to an open highest bidder in October, 1941; that they, the Crichtons, could not conceive that they were being paid but for the land, and that this payment to them by the Government was not for the growing crops.

However, the law does not permit this defense. Obviously, the Government owes for the property as it stood at the moment of taking possession.

We grant the sincerity and honesty of the Crichtons; but they did receive the item of $1,100 for the growing crops included in the total.

■ There was nothing in the alienation records showing in the two present claimants any title to this land as tenants. So, the claimants had no service of suit from the Government. The silence of claimants is not against them.

■ There was a clear and simple entry in the case of the item for the crops and this fact the Crichtons cannot evade. They are with implied notice that there was fixed an estimate by the Government of $1,100 for the growing crops, and this was a part of the $5,000 aggregate that they accepted and took in settlement. Law and equity direct that Mr. T. Crichton, Jr., Trustee for the others of the family remit out of the money paid already, or $18,937.50, the sum of $440 to Alfred Quarles, and the sum of $430 to Frank Bozeman.

Judgment will be signed accordingly upon presentation.